UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY BURTON, | No. 2:23-cv-03034 KJM AC |
| Plaintiff, | |
| v. | <u>ORDER and ORDER TO SHOW CAUSE</u> |
| LAILA DARBY, et al., | |
| Defendants. | |

     Plaintiff, appearing in pro se, filed a complaint and requested to proceed in forma pauperis on December 28, 2023. ECF Nos. 1, 2. On January 31, 2024, the undersigned granted plaintiff's motion to proceed in forma pauperis and instructed plaintiff to complete and submit service documents to the U.S. Marshals within 15 days, and to file a statement with the court regarding the submission of documents. ECF No. 3. Plaintiff did not timely file a notice with the court regarding the submission of service documents. Plaintiff has thus not complied with the court's order and service has not been completed. Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

     On February 14, 16, and 20, 2024, plaintiff filed motions to appoint counsel. ECF Nos. 6, 7, and 8. One filing indicated that plaintiff served the application for appointment of counsel upon the U.S. Marshals, but this filing did not mention submission of service documents. ECF

1

No. 7 at 2-3. Plaintiff's motions indicate that counsel is requested because plaintiff is in pro se and cannot afford an attorney. See ECF No. 6 at 1. In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se considering the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Here, having considered the relevant factors, the court finds there are no exceptional circumstances and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex, and the fact of not being able to afford an attorney is not enough to warrant appointment of counsel in a civil case. Appointment of counsel therefore is not appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is Ordered to Show Cause, in writing no later than March 8, 2024, why this action should not be dismissed for failure to prosecute;
2. Plaintiff's filing of a notice stating that he has provided the required service documents to the U.S. Marshals will be deemed good cause shown and will result in discharge of the Order to Show Cause; and
3. Plaintiff's motions for appointment of counsel (ECF Nos. 6, 7, and 8) are DENIED; and
4. If plaintiff fails to comply with this order, the undersigned will recommend that this case be dismissed without prejudice for failure to prosecute.

DATED: February 22, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE