UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY BURTON,

Plaintiff,

v.

SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY (SHRA),

Defendant.

No. 2:23-cv-03034-DAD-AC PS

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTINGS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

(Doc. Nos. 50, 67)

Plaintiff Stanley Burton is proceeding *pro se* in the above-captioned civil action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On June 2, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment (Doc. No. 50) as to plaintiff's claim brought under the Americans with Disabilities Act ("ADA") and §504 of the Rehabilitation Act (§504) be granted. (Doc. No. 67.) Specifically, the magistrate judge concluded that plaintiff had failed to come forward with evidence on summary judgment that he was denied any benefit to which he was entitled due to his disability or medical needs or that defendant acted with discriminatory intent in denying his request for an extra bedroom under defendant's Housing Choice Voucher program. (*Id.* at 12–15.) Rather, the magistrate found that the evidence before the court on summary judgment established that defendant SHRA considered plaintiff's request

and concluded that the requested accommodation was not necessary or adequately supported and that this determination was made in a manner consistent with all governing regulations, standards, and guidance. (*Id.*)

The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 15.) On June 11, 2026, plaintiffs filed his objections to the pending findings and recommendations. (Doc. No. 70.) On June 25, 2026, defendant filed a response to those objections. (Doc. No. 74.) On June 15, 2026, plaintiff's filed another, unauthorized, set of objections. (Doc. No. 72.) On June 17, 2026, plaintiff filed an unauthorized opposition to the findings and recommendations. (Doc. No. 73) On July 10, 2026, plaintiff filed an unauthorized pleading characterized by him as "additional material facts" in opposition to the findings and recommendations. (Doc. No. 76.) On July 15, 2026, defendant filed an unauthorized reply to plaintiff's response. (Doc. No. 77.) Finally, on August 7, 2026, plaintiff submitted another unauthorized filing in the form of supplemental exhibits in opposition to the findings and recommendations. (Doc. No. 78.) The undersigned has considered all of the parties' unauthorized filings. However, very little of the many pages of documents submitted by the parties in this regard meaningfully address the recommendation that defendant's motion for summary judgment be granted, which is the only matter before the undersigned.

In his objections and other filings plaintiff repeatedly argues in conclusory fashion that the magistrate judge erred by applying incorrect legal standards and in resolving disputed issues of fact on summary judgment. The undersigned finds these and other objections advanced by plaintiff to lack merit and to provide no basis upon which to reject the pending findings and recommendations. In the end, this case is a straightforward one. As the magistrate judge concluded after a careful and thorough review of the evidence presented on summary judgment:

> The court agrees with SHRA that plaintiff has presented no evidence that his disability requires a second bedroom, and so he was not denied any benefit to which he was entitled. The court also agrees that to require SHRA to provide a second bedroom under the circumstances presented in plaintiff's case would constitute an undue burden to SHRA, because it would require SHRA to subsidize plaintiff's voucher beyond what is required under the current

> statutory regime. Plaintiff has not identified evidence which creates a triable fact regarding his entitlement to a two-bedroom voucher due to his disability or medical needs, and accordingly no jury could find that he was "excluded from participation in or denied the benefits" of SHRA's housing voucher program.

(Doc. No. 67 at 14.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on June 2, 2026 (Doc. No. 67) are adopted in full;
2. Defendant's motion for summary judgment (Doc. No. 50) is granted; and
3. The Clerk of the Court is directed to enter judgment in favor of defendant and to close this case.

IT IS SO ORDERED.

Dated: **September 11, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE